IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN LEATO; LAURINA LEATO;
and MELISSA GLAROS                                              PLAINTIFF

V.                    CASE NO. 5:19-CV-05130

TEACHERS CREDIT UNION and
TRI-FORCE, INC.                                                 DEFENDANTS

## OPINION AND ORDER

John and Laurina Leato, husband and wife, and Melissa Glaros, the mother of the Leatos' five-year-old grandchild, filed this lawsuit under the Fair Debt Collection Practices Act ("FDCPA"). They proceed *pro se* and *in forma pauperis* ("IFP"). Plaintiffs have named as Defendants Teachers Credit Union and Tri-Force, Inc. The case is before the Court for pre-service screening pursuant to 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

According to the allegations of the Complaint, the Defendants are engaged in the collection of debts within the State of Indiana. Plaintiffs allege the principal purpose of the Defendants' businesses is the collection of debts allegedly owed to third parties.

Within the past year, Plaintiffs allege that Defendants attempted to collect a consumer debt from them. Plaintiffs reside in Arkansas. Plaintiffs allege that the Defendants attempted to collect a debt by means of robo-calling. Plaintiffs state the robo-calling began after they had sent "cease and desist" communication notices to all parties.

Specifically, Plaintiffs allege that within the past year,[1] two identical voicemail messages were left for Mrs. Leato. The messages were as follows:

> This message is solely intended for, Laurina Leato, if you are not this individual please disconnect the call at this time, and do not listen to this message. If you are Laurina Leato, please do not hang up. This is a second documented attempt to reach you regarding a complaint. We are in the process of pursuing this matter, applicable to the laws of your state. To avoid further action please press one to speak to a claims specialist in our office. If you are unable to speak to a claims specialist at this moment please return this call to 704-585-8987. Again that number is 704-585-8987. Your complaint number is 2018362740.

Plaintiffs further allege that the voicemail messages did "not state the call was from Tri-Force, Inc. ADAM SHAW-PRIVATE INVESTIGATOR, skip tracers on behalf of TEACHERS CREDIT UNION." The messages also failed to state the call was in connection with an attempt to collect a debt.

Plaintiffs allege that the Defendants violated the FDCPA in the following ways: (1) failing to disclosure the caller's identity when attempting to collect a debt; (2) engaging in conduct that was designed to harass, oppress, and abuse Plaintiffs in connection with the collection of a debt; (3) threatening to take legal action when they did not intend to take such action; (4) threatening to take action that cannot legally be taken and was not intended to be taken; and (5) leaving voicemail messages without stating that the communication was an attempt to collect a debt.

---

[1] Plaintiffs do not provide the precise dates on which these calls were received. However, they allege they occurred within the past year—presumably to establish that the calls were made within the one-year statute of limitations for claims brought under the FDCPA. 15 U.S.C. §1692k(d) ("an action . . . may be brought . . . within one year from the date on which the violation occurs").

## II. LEGAL STANDARD

The Court is obligated to screen an IFP case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

The first issue the Court must address is whether each of the named Plaintiffs has standing to pursue this case. Article III of the United States Constitution extends the "judicial power" of the federal courts only to concrete "Cases" and "Controversies." U.S. Const. art. III, § 2. "To have standing, a 'plaintiff must have . . . suffered an injury in fact.'" *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 690 (8th Cir. 2017) (quoting *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016)). The Eighth Circuit summarized the concept as follows:

> To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical. A concrete injury must be *de facto*; that is, it must actually exist. Both tangible and intangible injuries can be concrete. At [the screening stage], the standing inquiry must . . . be done in light of the factual allegations of the pleadings.

3

*Id.* at 690-91 (citations and internal quotation marks omitted).

In this case, the Complaint identifies two voicemail messages as FDCPA violations. Both voicemails were left for Laurina Leato. No communications to John Leato or Melissa Glaros are mentioned in the Complaint. Based on the allegations of the Complaint, John Leato and Melissa Glaros lack standing to pursue this action. They will be dismissed.

This leaves the claims asserted by Laurina Leato.[2] "Congress recognized that abusive debt collection practices contribute to harms that can flow from mental distress . . . . Because Congress is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is . . . instructive and important." *Demarais*, 869 F.3d at 692 (citations and internal quotation marks omitted). The Court finds that Laurina Leato has alleged violations of a statutory right that would reasonably cause mental distress and create the risk of real concrete harm. *Id.* She therefore appears to have standing to pursue her claims—at least at this pre-service screening stage of the litigation.

A plaintiff alleging a violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*, must demonstrate: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a

---

[2] John Leato may not represent Laurina Leato. It is well settled that a *pro se* individual may not represent another individual. *See, e.g., Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity . . . in a court of the United States"); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'").

4

requirement imposed by the Act.  See, e.g., Pace v. Portfolio Recovery Assoc., LLC, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012).

Given the allegations of the Complaint regarding the two voicemails left for her, Laurina Leato has alleged sufficient factual support to "raise a reasonable expectation that discovery will reveal evidence of [the conduct complained of]." Twombly, 550 U.S. at 556.  She has stated a plausible claim.

### IV. CONCLUSION

For the reasons stated, the claims of John Leato and Melissa Glaros are **DISMISSED WITHOUT PREJUDICE**.  They are terminated as Plaintiffs.

The claims of Laurina Leato will proceed.  The Complaint will be served on the Defendants.

**IT IS SO ORDERED** on this 10th day of September, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE