IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**LAURINA LEATO**                                                                                          **PLAINTIFF**

**V.**                                    **CASE NO. 5:19-CV-05130**

**TEACHERS CREDIT UNION**
**and TRI-FORCE, INC.**                                                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The matter before the Court is Plaintiff Laurina Leato's failure to appear at a case management hearing held on January 13, 2020, at 1:30 p.m.  In response to the Court's Order to Show Cause (Doc. 29), Defendants ask the Court to dismiss Mrs. Leato's causes of action with prejudice and award them their reasonable attorneys' fees.

### I.  BACKGROUND

Plaintiff Laurina Leato filed an action against Defendants Teachers Credit Union and Tri-Force, Inc., alleging violations of the Fair Debt Collections Practices Act ("FDCPA").  On October 23, 2019, the Court set a case management hearing ("CM hearing") for January 13, 2020.  Mrs. Leato failed to appear at the scheduled CM hearing. On that same day, the Court issued an Order to Show Cause (Doc. 29) directing Mrs. Leato to explain why her Amended Complaint should not be dismissed and/or other sanctions imposed, including monetary sanctions, for her failure to obey a court order and to prosecute her case.  On January 22, 2020, Mrs. Leato submitted a Response to the Court's Order (Doc. 31), contending that she could not attend the CM hearing due to a previously scheduled consultation with her adult daughter's bankruptcy attorney and lack of a vehicle.  Subsequently, on that same day, Mrs. Leato filed a Notice of Voluntary Dismissal Without Prejudice.  (Doc. 32).

1

On February 3, 2020, Defendants filed a Joint Reply to the Court's Order to Show Cause (Doc. 35). Defendants' Joint Reply seeks the Court's dismissal of Mrs. Leato's Amended Complaint with prejudice and an award of their reasonable attorneys' fees. Defendants contend that Mrs. Leato's excuse for failing to appear at the CM hearing was a "deliberate attempt to manufacture a conflict to avoid compliance with the Court's Initial Scheduling Order." *Id.* Defendants provided the Court with a copy of the email correspondence between Mrs. Leato's daughter and her daughter's bankruptcy attorney. The correspondence indicates that the consultation with the bankruptcy attorney was actually requested and scheduled on January 13, 2020, the same day as the CM hearing at which Mrs. Leato failed to appear.

## II. LEGAL STANDARD

A district court may dismiss an action with prejudice for failure to comply with court orders or for failure to prosecute a case. Fed. R. Civ. P. 41(b). "Rules 16(f) and 37(b) also permit dismissal as a sanction for failure to obey the court's orders." *Omaha Indian Tribe, Treaty of 1854 with U.S. v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991). Dismissal with prejudice is considered a drastic sanction. *See id.* "An action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff her day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures.'" *See id.* (quoting *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 96 (8th Cir. 1971)). Additionally, a court should also consider whether the disobedient party willfully refused to comply with court orders, and to the extent they are available, whether lesser sanctions could be effective. *See Welsh*, 439 F.2d at 97; *see also DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th

2

Cir. 2013). Ultimately, "the sanction imposed by the district court must be proportionate to the litigant's transgression." *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998) (citations omitted). Instead of or in addition to dismissal, the court may order the disobedient party to pay the other party's reasonable attorneys' fees, unless the failure to comply was substantially justified. *See* Fed. R. Civ. P. 37.

### III. DISCUSSION

Mrs. Leato is a *pro se* Plaintiff. A certain degree of leniency should be given to *pro se* plaintiffs to ensure their access to justice. *See Reed v. Evans*, 2018 WL 5818360, at *3 (W.D. Ark. Nov. 7, 2018). "Occasional allowances by the court for honest mistakes provide leeway for plaintiffs who are not trained in the law and do not have representation." *Brewer v. DKD Ele. Co.*, 2004 WL 6218811, at *2 (D.N.M. June 14, 2004). However, a *pro se* litigant must nonetheless follow the same rules of procedures that govern other litigants. *Reed*, 2018 WL 5818360, at *3.

As previously discussed, Mrs. Leato filed a Notice of Voluntary Dismissal Without Prejudice. Defendants, however, argue that Mrs. Leato's claim should be dismissed with prejudice and that attorneys' fees should be awarded because she "repeatedly and intentionally violated this Court's orders and the Federal Rules of Civil Procedure." (Doc. 35). Specifically, Defendants point to the following four infractions as evidence of her "deliberate pattern of defiant conduct throughout the lawsuit", namely that she:

> (1) failed to sign her original complaint and failed to correct such deficiency in a manner that was timely or compliant with the rules of civil procedure; (2) included a previously dismissed party—John Leato—as a co-Plaintiff after explicit direction from the Court not to do so in her second Amended Complaint and included defense counsels' signature blocks without permission; (3) failed to provide initial disclosures as required by Rule 26 and this Court's Initial Scheduling Order (Doc. 16), even after a follow-up

>request by defense counsel; and most recently (4) deliberately failed to attend the Court's case management hearing.

*Id.* Viewing Mrs. Leato's prosecution of this case as a whole, the Court agrees that she has demonstrated a pattern of disregard for court rules and procedures, culminating in her decision to skip the CM hearing without notice or good cause. However, rather than dismiss the case with prejudice, the Court believes that a less severe sanction would be an effective remedy.

First, Mrs. Leato is ordered to pay each Defendant its reasonable attorneys' fees incurred in preparing for the CM hearing, attending the CM hearing, and drafting the Joint Reply to the Court's Order to Show Cause.[1] The email correspondence provided by Defendants demonstrates that Mrs. Leato simply did not care to attend the CM hearing. The consultation with the bankruptcy attorney was requested and scheduled on the very day that Mrs. Leato was to appear at the CM hearing. It appears that the consultation with the bankruptcy attorney was voluntarily scheduled, either by Mrs. Leato or her daughter, to coincide with the CM hearing, a hearing which had been scheduled since October 23, 2019. Also, Mrs. Leato offered no explanation as to why she needed to attend her adult daughter's bankruptcy consultation. Moreover, the Court notes that Mrs. Leato did not advise the Court in advance that she would not be appearing at the CM hearing, nor did she request that the hearing be moved to another date. Mrs. Leato caused both the Court and Defendants to unnecessarily waste resources, monetary and otherwise. For the reasons stated above, Mrs. Leato's failure to appear was not

---

[1] Each Defendant has provided an affidavit that includes a line-item breakdown of attorneys' fees incurred in defending this lawsuit.

4

justifiable. Accordingly, Defendants Teachers Credit Union and Tri-Force, Inc. are entitled to $722.00 and $1,597.50, respectively.[2]

Second, the Amended Complaint will be dismissed without prejudice subject to the following conditions: (1) Mrs. Leato may only refile this action in this district; and (2) upon refiling, Mrs. Leato must pay the remaining attorneys' fees incurred by each Defendant in defending this lawsuit, $3,268 to Teachers Credit Union and $2,047.50 to Tri-Force, Inc.[3] See Reddy v. Rallapally, 2004 WL 1595097, *1 (8th Cir. July 19, 2004) (upholding district court's decision to impose as a condition of dismissal that if the action was refiled, plaintiff would have to pay costs and attorneys' fees incurred in defending first action). These conditions are premised on the notion that Defendants should not bear the burden of having to pay duplicative litigation costs on account of Mrs. Leato's decision to dismiss the case and subsequently refile. To be clear, Mrs. Leato has a present obligation to pay Defendants Teachers Credit Union and Tri-Force, Inc. $722.00 and $1,597.50, respectively. However, as to the remainder, there is no obligation of payment unless Mrs. Leato elects to refile.

## IV. CONCLUSION

Accordingly, Mrs. Leato is **ORDERED** to pay Defendants Teachers Credit Union and Tri-Force, Inc. $722.00 and $1,597.50, respectively, for attorneys' fees incurred in

---

[2] This represents the amount attributable to Defendants' attorneys' fees incurred in preparing for the CM hearing, attending the CM hearing, and drafting the Joint Reply to the Court's Order to Show Cause.

[3] The amount that Mrs. Leato would be required to pay if she were to refile is the amount each Defendant incurred in defending this current lawsuit minus the attorneys' fees that are being contemporaneously awarded in this Memorandum Opinion and Order. Tri-Force, Inc. has incurred a total of $3,645.00 in attorneys' fees. Teachers Credit Union has incurred a total of $3,990 in attorneys' fees.

preparing for the CM hearing, attending the CM hearing, and drafting the Joint Reply to the Court's Order to Show Cause.

**IT IS FURTHER ORDERED** that the matter is **DISMISSED WITHOUT PREJUDICE**, subject to the conditions discussed above.

**IT IS SO ORDERED** on this 24th day of February, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6